IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID RODRIGUEZ LLAMAS,<br><br>Petitioner,<br><br>vs.<br><br>TODD BLANCHE, United States Attorney General, et al.,<br><br>Respondents. | 4:26-CV-3242<br><br>MEMORANDUM AND ORDER GRANTING WRIT OF HABEAS CORPUS |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the Lincoln County Detention Center in North Platte, Nebraska. Filing 1. The petitioner alleges that he has been detained since March 23, 2026, and that his ongoing detention is unlawful. Filing 1. The Court agrees and will grant the petition.

The petitioner is a Mexican citizen who entered the United States as a baby in 1989, and lived in the United States for almost thirty years before leaving the country in 2018. Filing 1 at 2. He tried to return a year later, applying for admission at the San Ysidro port of entry. Filing 8 at 4. An immigration judge ordered him removed to Mexico, and on March 10, 2020, he was removed. Filing 8 at 4; filing 8-2; filing 8-3. On September 19, 2020, the petitioner again tried to reenter the United States and was detained by the Border Patrol. Filing 8 at 4; filing 8-4. Expedited removal was ordered and on September 21, he was removed to Mexico. Filing 8 at 4; filing 8-4.

On October 22, 2024, the petitioner was found by the Border Patrol in Arizona. Filing 8 at 4. On October 23, he was issued a notice of intent to reinstate the prior order of removal. Filing 8 at 4; filing 8-6. He applied for asylum. Filing 8 at 4-5. He requested a custody redetermination and was

released on bond on July 16, 2025. Filing 8 at 5. On March 22, 2026, he was arrested on state charges and although those charges were dismissed, "ICE canceled Petitioner's bond and re-detained the petitioner." Filing 8 at 5. An immigration judge rejected the petitioner's asylum claim and his appeal from that denial remains pending. Filing 8 at 5; filing 8-8.

The government argues the petitioner's detention is mandatory pursuant to 8 U.S.C. § 1231(a)(2)(A), because the petitioner remains subject to his reinstated final order of removal.

> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry.

§ 1231(a)(5). And, the government argues, the petitioner's detention of about five months remains presumptively reasonable pursuant to *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

There are two problems with that argument. The first is that while *Zadvydas* sets a six-month limit for presumptively reasonable detention, Congress set a 90-day limit, after which an alien "may be detained" or may be released under terms of supervision. § 1231(a)(2)(A). Nothing in the record indicates that the petitioner's custody has been reviewed as required by 8 C.F.R. § 241.4(k)—and, by extension, due process, which requires ICE to follow its own regulations. *See Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025) (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)).

The second problem is that there is nothing in the record indicating that the government properly revoked the petitioner's release on bond. Nothing indicates that he violated any conditions of that release, nor does anything indicate that the government complied with the administrative requirements for revoking such a release. *See* § 241(l)(1)-(2). Instead, the government's evidence simply asserts that "ICE canceled Petitioner's bond," with no indication of how or why that action was justified.[1] And the petitioner was "entitled to the numerous procedural protections that govern revocation." *Dhillon v. Mullin*, No. 8:26-CV-229, 2026 WL 1587371, at *3 (D. Neb. June 3, 2026) (citing *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 503 (S.D.N.Y. 2025)). "To detain the petitioner, the government must strictly follow the procedures outlined in the relevant regulations." *Id*. It did not. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is granted.

2. The government shall immediately return the petitioner to Rapid City, South Dakota, or provide him with the means to do so.

3. When the petitioner is in South Dakota, the government shall immediately release the petitioner from custody on the same terms and conditions of his July 16, 2025 bond, and shall return any personal property seized from the petitioner when detained.

---

[1] The Court notes that the government was directed to provide the Court with "the basis for and conditions of [the petitioner's] release from custody," filing 4 at 2, which the government admits it did not and apparently could not provide, *see* filing 6 at 5.

4. No later than August 27, 2026, the government shall file a status report certifying compliance with this order.

5. A separate judgment will be entered.

Dated this 20th day of August, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge